EASTERN DIS.
*April,* 1834.

MON ET AL.
*vs.*
GARNIER.

The signature of the appellant to the appeal bond, is not essential.

The omission of some of the defendants to appeal, cannot affect the right of the others to do so.

---

## MON ET AL. *vs.* GARNIER.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the functions of two executors are equal and undivided, each can claim one half only of the commission.

The legacy left to a co-executor, is evidence of the testator to remunerate this co-executor for his trouble, by the legacy, instead of the half of the commission he would otherwise have been entitled to.

Roman Mon, died on the 2d November, 1832, leaving a testament, in which he appointed John Garnier and Antonio Rivas, his executors, and left to the latter a legacy.

The testamentary executors, administered on the estate, and filed their final account, praying to be discharged.

In this account no commission was claimed by or allowed to Antonio Rivas, he having received a legacy.

John Garnier, the other testamentary executor, however, claimed the whole commission, amounting to twelve hundred and forty-two dollars and twenty cents, being two and a half per cent. on all the assets which came into the hands of the said executors.

To this claim of John Garnier, the mother and widow of the said Roman Mon, his sole legatees by universal title, filed an opposition, on the ground, that under the aforesaid circumstances, he was entitled only to half commissions, viz: six hundred and twenty-one dollars and ten cents.

The judge *a quo* sustained the opposition. The plaintiff appealed.

*Mercier,* for plaintiff and appellant.

*Janin, contra,* relied on the following points.

1. When the testator appoints several executors, they must rateably share the commission of two and a half per cent. *Civil Code, art.* 1676, 1678. But when a testamentary executor receives a legacy, he cannot claim the commission, to which he would otherwise be entitled, and it returns to the estate, *Civil Code,* 1679, because he is considered as being remunerated by the legacy, for the management of the estate. If then in such a case the commission of the executor, who is also a legatee, were to inure to the benefit of the other executor, the estate would pay twice for the same services.

2. It is believed, that our judicial system is the only one, which allows a commission to an executor. But the French, Spanish and English laws, view a legacy left to an executor, in the same light as ours, that is, as a reward for his services, and he loses it, if he refuses to act. 5 *Toullier,* 1 *Febr.* 93. Duty of executors, *p.* 164.

MARTIN, J., delivered the opinion of the court.

Garnier is appellant from the judgment of the Court of Probates, which allows him a commission of one and a fourth,

per cent. only, as executor of the last will and testament of R. Mon Y. Fon, deceased.

Garnier and Rivas are mentioned as executors, and their functions are not divided by the will, in which a legacy is given to Rivas, who accordingly made no claim to any commission. The heirs opposed Garnier's claim to a commission of two and one half, and their opposition was sustained.

It does not appear to us that the Court of Probates erred. The *Louisiana Code*, allows to an executor or executors, a commission of two and a half per cent. *Louisiana Code*, 1676, 1678. But executors to whom a legacy is given by the will, are not entitled to any commission, unless the testator formally expresses his intention that to the legacy and commission be received. *id.* 1679.

Where the functions of two executors are equal and undivided, each can claim one half only of the commission.

The appellants having a co-executor, with equal powers, was entitled to his share of the commission, *i. e.* one half of two and a half, which is exactly what the judgment appealed from allows him.

The legacy left to a co-executor, is evidence of the testator to remunerate this co-executor for his trouble, by the legacy, instead of the half of the commission he would otherwise have been entitled to.

The legacy left to this co-executor is evidence of the testator, to remunerate this co-executor for his trouble, by the legacy, instead of the half of the commission he would otherwise have been entitled to. This circumstance does not in the least add ought to the trouble of the appellant, nor consequently to his claim for compensation.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.