SUCCESSION of SIMON CUCULLU—MANUEL SIMON CUCULLU, Administrator &c., Appellant.

A testamentary executor, to whom the deceased bequeathed a certain sum as a recompense for services rendered by him, and as an evidence of the friendship of the testator, and who has accepted the bequest, cannot claim any commission for his services, unless the testator formally expressed his intention that such legacy should be over and above the commissions. C. C. 1679. Nor where, after the expiration of his term as executor, he has continued to act as administrator in the settlement of the estate, can he charge any commission in the latter capacity. His legacy stands in lieu of all commissions, in the administration of the estate.

One who has accepted a remunerative legacy, will be bound by the acceptance. If he considered himself entitled to claim a larger sum for his services, he should have renounced the legacy, and have claimed as a creditor.

MANUEL SIMON CUCULLU is appellant from a judgment of the Court of Probates of New Orleans, *Bermudez, J.*

*D. Seghers,* for the appellant, cited 4 Merlin, Repertoire, 40, Id. p. 154, *verbo* Donation, sect. 8, § 3. 5 Toullier, p. 328, No. 304. 1 Grenier, p. 370, No. 188. 8 Pandectes Françaises, p. 457, No. 252. 6 Pothier, Traité des Donations, p. 491, sect. 3, § 1. 1 Ib.

Traité de Vente, p. 689, 7 part, Des actes et contrats qui resemblent au contrat de vente, art. 1.    De la dation en payement, Ib. p. 691, art. 2.    Donation Rémunératoire, Nos. 607 a 611.    3 Furgolle, Testamens, p. 536, No. 112.    2 Id. Donations, p. 113, question 15.    7 Digest, p. 667, tit. 17, lib. 50.    De Regulis Juris, l. 73, § 3.    Civil Code of Louisiana, arts. 1500, 1676, 1679, 1510, 1511, 1512.

*Canon, contra.*

BULLARD, J.    The principal question in this case is, whether the son of the testator, who was appointed his testamentary executor, and afterwards acted as administrator of his father's estate, be entitled to commissions, he having received a legacy of $10,000, by the will, over and above his legitimate portion as heir.

The legacy is given in the following terms : *Je donne et lègue par hors part d'héritage a mon fils aîné Manuel Simon Cucullu dix mille piastres en récompense des services qu'il m'a rendus et de l'amitié particulière que je lui porte.*"

The code is explicit, that " testamentary executors, to whom the testator has bequeathed any legacies or other gifts, by his will, shall not be entitled to any commission, unless the testator has formally expressed the intention that they should have the legacies over and above their commission."    Art. 1679.

It is, however, contended by the counsel for the appellant, that this principle does not apply to remuneratory donations ; that donations of that class are not properly donations, but *dations en payement ;* and to this effect, various authors are cited.    It is, however, apparent, that the legacy to Manuel Simon Cucullu was was not wholly remuneratory, the testator having declared that he intended not merely to recompense services rendered, but to testify the particular esteem which he had for his son.    If any part of it was a pure gratuity, he is not entitled to his commissions. The appellant thereupon offered evidence to show the value of the services which he had rendered ; which, he contends, even exceeded the amount of the remuneratory donation.    The evidence was rejected, and a bill of exceptions was taken.    The court did not err.    If the son thought that he had a larger claim for services rendered, he might have renounced his legacy, and have claimed

as a creditor of the estate. Having decided to accept the legacy, he must take it as it is, partly remuneratory, and partly as a gratuity. It would be quite ungracious in him to deny, that any part of the donation sprung from paternal affection. The son ought to regard those expressions as the most precious part of his father's will.

We are of opinion, that the same heir and legatee is not entitled to charge commissions as administrator, after his term as executor has expired. All he did, in either capacity, was to administer upon the estate ; and, under the existing law, his functions as executor would have been continued until the whole estate was settled. His legacy is considered, in law, as standing in lieu of all commissions for the administration, settlement, and liquidation of the estate of the testator.

*Judgment affirmed.*