## SUCCESSION OF M. CARDONA.

Where an usufruct of community property is constituted by last will in favor of the wife, and there are no descendants, the usufructuary is compelled to give security according to Art. 552 C. C., unless it has been dispensed with by the terms of the will.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
    *G. & C. E. Schmidt,* for executor and appellant.    *Clarke & Bayne,* for *M. Cardona.*

BUCHANAN, J.    The testamentary executor is appellant from a judgment upon an account of administration.    An examination of the record has not satisfied us that there is any error, to the prejudice of appellant, in the conclusions of the court below.    The appellee, widow in community of deceased, asks us for an amendment of the judgment in her favor in two particulars.

1. By charging the executor with $776 05, mentioned in the inventory as being in the hands of the executor.  This sum appears to have been allowed in the judgment upon a former account.  In that account, the executor charged himself with $174, cash in his hands per inventory, and the judgment of the court on the account, increased that charge, by $600, making in the aggregate about the sum mentioned.

2. The appellee asks, that it be decreed that she have the possession as usufruct. uary under the will of her husband, of the sum of $2825 15, which the judgment of the court below declares to be due to the minor nieces of the testator, by the executor.

This amendment should be allowed.  All the property comprised in the inventory of the deceased, is admitted to belong to the community between himself and his surviving wife, the appellee.  The will of deceased provides as follows: "To my said wife I give and bequeath the usufruct and life enjoyment of all the prop erty I may have at my death, for and during the term of her natural life, on con dition that she shall continue to provide for the support and education of my two nieces, *Esperanza* and *Agadida Grace,* living at present with us."

By another clause of the will, the testator institutes his said two nieces as his universal legatees. The evidence shows that *Mrs. Cardona* has supported and educated her husband's nieces since his death.

By another clause in the will, a sixth interest in the testator's estate is bequeathed to a minor named *Charles Matthews*, son of *Ann Anderson*, aged about two years, subject to the widow's usufruct.

The executor argues that he is not bound to hand over the net proceeeds of the estate of the testator, to his widow, unless she gives security, according to Art. 551 of the Civil Code. *Succession of Pratt*, 12 An. 457.

The usufruct of *Mrs. Cardona* is not a right under the first section of the Act of 1844, page 99, relative to community property ; because her deceased husband, although he left neither ascendants nor descendants, has disposed, by will, of his share in the common property. He has done, however, what the law would have done, had he made no will ; he has reserved to his widow a life estate in his property. This is then an usufruct constituted by last will (C. C. 532,) and the usufructuary has not been dispensed with the obligation of giving security, by the terms of the Act by which the usufruct is established, (C. C. 552.)    As the estate of which the usufruct is given, has been liquidated, and converted into cash, the amount of the security to be given must be twenty-eight hundred and twenty-five dollars and fifteen cents, the balance in the executor's hands, after the payment of debts, as shown by his account. The will directed the sixth part, bequeathed to the minor *Charles Matthews*, to be invested in real estate by the testamentary executor. But this has not been done, because, as the executor represents, the said minor's share only amounting to a sum of four hundred and seventy dollars and eighty-five cents, cannot be invested in the manner proposed by the testator. For the same reason, it cannot be ordered to be thus invested by the usufructuary. Neither of the three minors mentioned in the will, are represented in these proceedings.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be amended, that the testamentary executor pay over to the widow *Cardona*, appellee, the sum of two thousand eight hundred and twenty-five dollars and fifteen cents, the amount allowed by the said judgment to the minors, legatees of the deceased, *Matthew Cardona*, upon the said widow *Cardona* executing, and depositing in the Fourth District Court of New Orleans, a bond in favor of the Judge of the said court, and of his successors in office, with security to the satisfaction of said court, in the sum of eleven hundred and seventy-seven dollars and fifteen cents, conditioned according to Art. 551 of the Code, to secure the eventual rights of the minor *Esperanza Grace*, also a like bond, in the like amount. to secure the eventual rights of the minor *Agadida Grace ;* also, a like bond, in the sum of four hundred and seventy dollars and eighty-five cents, to secure the eventual rights of the minor *Charles Matthews ;* that, in other respects, the judgment of the District Court be affirmed, and that the succession pay the costs of appeal.