BREAUX, C. J.
The last will and testament of the late Francis J. Quinlan is before us for interpretation.
That part of the will in regard to which differences of opinion have arisen reads:
“This is my last will and testament. I give to my daughter, Frances J. Quinlan, the usufruct of my entire estate, and the naked ownership thereof to Eugenia Quinlan, my daughter-in-law. I appoint Eugenia Quinlan curatrix of my daughter and wish her to draw from my estate not less than sixty dollars per month for the care of my daughter.”
The late Francis J. Quinlan left only one heir, a daughter, who is demented, and who is under the curatorship of the Hibernia Bank & Trust Company by appointment of the court. She is at the Louisiana Retreat, receiving the care and attention which that institution bestows upon its inmates.
■Eugenia Quinlan was named in the will as one of the executors.
We have seen that she was also named curatrix, but she was not appointed by the court, as she could not be the curatrix, being only related as a sister-in-law, and in consequence not eligible to that trust.
The daughter-in-law lost her husband about three years ago. There were no children of their marriage.
Had it been possible for the daughter-in-law legally to qualify as curatrix, it would have been easy enough to carry out the intention of the testament. She is not curatrix for reasons already stated, and is without right to collect the legacy. The sister-in-law made application for the $60 a month in question, claiming it in her own right and for her own use and benefit, and not for the interdict. She assumed that the amount was intended exclusively for her benefit.
The curator — that is, the Hibernia Bank & Trust Company — admitted the will, and denied that she is entitled to the amount.
Testimony was offered by petitioner, Mrs. Eugenia Quinlan, and admitted over the objection of the curator bank, to prove that the testator meant that not less than $60 per month should be paid to her personally.
The objection of the defendant in the district court and of the appellant here was that the verbal testimony was inadmissible to detract from or add to the terms of the will. The testimony was none the less admitted, as just stated.
We find it impossible to agree with the ruling of the district court. We do not think' that the testimony was admissible. The theory of the district court was that there was doubt and ambiguity in the disposition of the will, and that, in consequence, the testimony was admissible to assist in ascertaining the intention of the testator.
Whatever ambiguity there was, did not extend to the length of enabling the court to change the terms of the will by directing the bequeathing of an amount different from the disposition of the will, as we read it. Testaments are solemn acts, the language of which cannot be changed by verbal testimony. It is true that ambiguity may be explained, but the explanation cannot be taken to supply that which is needful in order to give effect to an asserted legacy. The parties in interest cannot be heard to prove by *605 verbal testimony that the dispositions of the testator are not the expressions of his last will, or that, in bequeathing to one, the intention was to bequeath to another. Parol is not admissible to show intention, nor is it admissible for any such purpose. MacKie v. Story, 93 U. S. 589, 23 L. Ed. 986.
The cited decision received the unanimous opinion of the Supreme Court of the United States. It related to a Louisiana will interpreted by the court. The will of the testator, as relates to intention, should be made sufficiently clear to relieve the court from the necessity of inserting words to the end of making of it that which it was not before.
The appointment of the curatrix and the amount to be expended under this last clause are expressed in one sentence of the will. The two dispositions in the one sentence are interdependent and connected. The daughter-in-law before named was to be the curatrix, and she (the daughter-in-law), as curatrix, was to draw not less than the stated amount. This disposition is not made in words such as are generally used by testators to express an intention to give or bequeath. “I wish the curatrix,” or the daughter-in-law, to expend the amount named. This wish in this connection is not expressive of an intention to donate mortis causa. And, again, “to draw these sixty dollars for the care of the daughter,” is not an expression used to bequeath an amount.
It being one sentence, conveying one intention; regarding the daughter interdicted, the legacy of $60 a month falls.
We imagine that naturally the father was anxious to protect his daughter, and that, when he mentioned the sum in question he meant it, as stated in the will, for the care and maintenance of his daughter. We have no reason to assume, or there is nothing to show, in our view, that it was his intention to give to his daughter-in-law over one-half of the revenues after having given the usufruct of all his property to his daughter.
It must be borne in mind that in the clearest manner possible he had given the whole-of the usufruct to his daughter. After having thus bequeathed his property, clear language is necessary to sustain the position that a larger portion of the amount must go> to another person than the daughter.
Before concluding we return to the verbal testimony to which we referred at the outset of the opinion.
Our learned Brother of the district court-sought to give effect to the testamentary disposition by opening the door to the admissibility of verbal testimony. Properly it is-the inclination of all courts, as far as possible, to rule so as to carry out the testamentary disposition. We are sensible to that wish, but, none the less, we must decline to extend the rule further than at present.
The verbal testimony here, in point of reliability, is unobjectionable. We have every reason to believe that it is absolutely true; but the new rule would stand alone in. the annals of jurisprudence.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is-avoided, annulled, and reversed. It is further ordered, adjudged, and decreed that there be judgment in this court for defendant against plaintiff; that plaintiff’s petition be dismissed, and her demand rejected, at. her costs in both courts.