(82 South. 727)

No. 23381.

Succession of ABRAMS.

(June 30, 1919.)

*Syllabus by Editorial Staff.*

1. EXECUTORS AND ADMINISTRATORS ⬦490—
SUCCESSION — TESTAMENTARY EXECUTORS—
COMMISSION IN ADDITION TO LEGACY—
"FORMALLY EXPRESSED."

The formal expression of testator's intention that testamentary executor shall be entitled to commission in addition to legacy required by Civ. Code art. 1686, must be found in the testament, or at least must be made in testamentary form; "formally expressed" meaning expressed in due form of law.

2. EXECUTORS AND ADMINISTRATORS ⬦490—
SUCCESSION —TESTAMENTARY EXECUTORS —
COMMISSION IN ADDITION TO LEGACY.

Where legacy to testamentary executor is gratuitous and not disproportionate to statutory executor's fees, and the will contains no provision, as required by Civ. Code, art. 1686, formally declaring that testamentary executor shall be allowed statutory commission in addition to legacy, he will not be allowed to credit himself with statutory commission in addition to legacy.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

In the matter of the succession of J. C. Abrams, deceased. The opposition to the provisional account of the executor by the attorney for the absent heirs of legatees was maintained by the trial judge, and the executor appeals. Affirmed.

George Denegre, of New Orleans, and Isaac S. Heller, for appellant.

Delvaille H. Théard, of New Orleans, for appellees.

SOMMERVILLE, J. On his provisional account the testamentary executor had credited himself with the executor's statutory commission in addition to a legacy of $2,000 made to him by the deceased.

Decedent's will contained no provision formally declaring that the statutory commission should be allowed to the executor in addition to the legacy.

The attorney for absent heirs and legatees opposed the item of executor's commissions on the provisional account, which opposition was maintained by the trial judge. The judge's reasons for judgment present the case well and clearly, and they are adopted as the reasons for judgment herein:

"The attorney for absent heirs has opposed the allowance of the legal commission to the testamentary executor, as charged in his provisional account herein, for the reasons that he is a legatee of the deceased and that the latter has not formally expressed in his will his intention that the commission should be received in addition to the legacy.

"The pertinent provisions of the will are as follows:

" 'To my grandnephew, Lewis A. Scherck, as a mark of my affection and esteem, two thousand dollars. * * *

" 'I do now appoint my grandnephew, Lewis A. Scherck, my sole executor, with seizin of my estate, and to act without bond.'

"The will was found in the bank box of the deceased and inclosed in a sealed envelope bearing the superscription: 'Holographic Will of J. C. Abrams.' In the same bank box was found another sealed envelope addressed to Mr.

Lewis A. Scherck, executor, and containing a memorandum in the handwriting of the deceased, concerning certain bonds and stocks, and dated December 20, 1916 (the date of the will), and subscribed with his initials, 'J. C. A.,' and containing another memorandum in his handwriting, but undated and unsigned, as follows:

| Bequests | |
|---|---|
| Bequests | $20,000 00 |
| " | $15,000 00 |
| " | $ 5,000 00 |
| " | $ 9,000 00 |
| " | $ 2,000 00 |
| | $51,000 00 |
| Charities | $ 5,000 00 |
| " | $ 5,000 00 |
| " | $ 3,000 00 |
| | $13,000 00 |
| Executors fees, say | $ 2,500 00 |
| Inheritance tax, say | $ 4,000 00 |
| (Estimated) | |
| Burial expenses, say | $ 500 00 |
| Legal expenses | $ 500 00 |
| | $ 7,500 00 |
| | $71,500 00 |

"The memorandum, upon comparison with the will, is found to contain the $2,000 legacy to the executor. It was admitted in evidence over the objection of the opponent, the court having ruled that it went to the effect and not to the admissibility of the evidence. It is relied upon by the executor's counsel as the formal expression of intention required by article 1686, C. C., the contention being that said article does not provide that such expression of intention must be made in the will or in any special form.

"The text of the article is: 'Testamentary executors, to whom the testator has bequeathed any legacies or other gifts by his will, shall not be entitled to any commission unless the testator has formally expressed the intention that they should have the legacies over and above their commission.'

[1] "That article must be viewed in the light of the cardinal rule for the interpretation of wills, which is that, except in cases of ambiguity or lack of clearness in the testator's language, his intention must be sought in the will itself, exispomet testamento, and evidence aliunde cannot be adduced. So viewed, it is clear that the formal expression required by article 1686 must be found in the testament, or at least must be made in testamentary form. 'Formally expressed' means 'expressed in due form of law,' and there is in Louisiana no other form of expression of a disposition mortis causa than a testament.

"Were the executor's contention upheld, it would be possible for a testator to assemble several persons and formally and solemnly declare to them: 'In my last will I have appointed Mr. —— my testamentary executor and have also bequeathed to him a sum of money. It is my intention, which I formally express to you, so that you may bear witness to it, that he shall receive the commission fixed by law, over and above the legacy.' That would be subversive of the doctrine crystallized in our jurisprudence that parol evidence of a testator's intention is inadmissible when the disposition is clear and unambiguous. To quote only one of the many precedents:

" 'Testaments are solemn acts, the language of which cannot be changed by verbal testimony. It is true that ambiguity may be explained, but the explanation cannot be taken to supply that which is needful in order to give effect to an asserted legacy. Parol is not admissible to show intention. * * *' Succ. of Quinlan, 118 La. 602, 43 South. 249.

"That doctrine was enforced in this case when an oral statement from the deceased to his executor was sought to be elicited, and in Succ. of Race, 144 La. 157, 80 South. 234, recently affirmed by the Supreme Court.

"As it is not pretended that the memorandum aforesaid is a testament or codicil, it follows that the ruling admitting it in evidence over opponent's objection was erroneous, and said ruling is recalled. If properly in evidence, surely the memorandum is of no effect.

[2] "Turning now to the will, which remains the only evidence in behalf of the executor, it appears that the legacy to him was prompted by affection and esteem, and is gratuitous. That, however, does not place him beyond the purview of article 1686. It applies whenever there is any legacy. A case precisely in point is that of Succ. of Simon Cucullu, 4 Rob. 397, the syllabus of which reads:

" 'A testamentary executor, to whom the deceased bequeathed a certain sum as a recompense for services rendered by him, and as an evidence of the friendship of the testator, and who has accepted the bequest, cannot claim any commission for his services, unless the testator formally expressed his intention that such legacy should be over and above the commissions.'

"In the course of the opinion it is said: 'The Code is explicit. * * * It is, however, contended by the counsel for the appellant that this principle does not apply to remuneratory donations. * * * It is, however, apparent that the legacy to Manuel Simon Cucullu was not wholly remuneratory, the testator having declared that he intended not merely to recom-

pense services rendered, but to testify to the particular esteem which he had for his son. If any part of it was a pure gratuity, he is not entitled to his commissions. * * * Having decided to accept the legacy, he must take it as it is, partly remuneratory, and partly as a gratuity. * * * His legacy is considered in law as standing in lieu of all commissions for the administration, settlement, and liquidation of the estate of the testator.'

"Again, in Succ. of Fisk, 3 La. Ann. 706, it is said: 'The language of the article is general, including within its terms all executors, whether they be legatees under one and the same will, or under different wills. Any legacy, in the words of the law, given by the testator to his executor, will exclude the latter from commissions unless a contrary intention is expressed. * * * The French Code makes no provision for the compensation of executors. Subsequently, under that system, the duties of the trust are gratuitously performed, unless the testator otherwise directs. Our law differing from the French in this respect, has fixed the compensation of executors only in the event of the testator's silence. The testator must be presumed to know the law, and to be aware of this rule. If he make a bequest to his executor, this must be considered in law equivalent to a declaration of his intention that the legacy shall stand in lieu of commissions. It is the compensation which he fixes for the services to be rendered by his executor, which can neither be increased nor diminished. The executor is not compelled to accept the trust. But, if he act, no option is left to him; he can receive no other compensation than that fixed by the testator himself.'

"In McNeely, Tutrix, v. McNeely, Executor, 50 La. Ann. 838, 24 South. 338, the executor was also the universal legatee. At the suit of a legitimate child, the universal legacy was reduced. In his account the executor claimed the statutory commission, but his claim was disallowed.

"In Succ. of Filhiol, 123 La. 508, 49 South. 138, the court said: 'A legacy, it has been held by this court, is evidence of the intention of the testator to remunerate the person named as executor for his services in that capacity otherwise than by commission (Mon et al. v. Garnier, 6 La. 326), and, where the purpose of the testator is accomplished—that is to say, where the legatee receives the legacy intended for him—it would make no difference whether it exceeded, or was less than, the amount which he would otherwise have received as commission.'

The court, however, points out that the legacy in the case was reduced, and that the testator's intention must be held to have been frustrated, and that the commission should be allowed over and beyond the reduced legacy. In any event, the legacy to the executor in the present case has not been disputed, nor is it disproportionate to the commission; the latter being the sum of $2,217.69, whereas the former is for $2,000."

The opposition of the attorney for absent heirs to the testamentary executor's provisional account was maintained, and the item, "Lewis A. Scherck, executor's fee, $2,217.69," was ordered stricken from the account, as disallowed.

The judgment appealed from is affirmed, at the cost of appellant.