Mrs. Browning Coleman Moore, Executrix, Estate of Betty W. Coleman, Petitioner, *v*. Commissioner of Internal Revenue, Respondent.

Docket No. 5221. Decided October 29, 1926.

1. Evidence *held* insufficient to show that the value of real estate as determined by the Commissioner was not correct.

2. Petitioner was residuary legatee and also executor. The will did not make specific provision that the executor should have the legacy over and above the commissions. *Held*, under the law of Louisiana, that the executor was not entitled to commissions, and no deduction is allowable in determining the net estate subject to the estate tax.

*Stirling Parkerson, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $161.40. The deficiency arises on account of the action of the Commissioner in increasing the valuation of certain real estate owned by the decedent at the time of her death, and on account of the disallowance by the Commissioner of the executrix's commission of $4,069.86.

### FINDINGS OF FACT.

The petitioner is the duly qualified executrix of the estate of Betty W. Coleman, who died February 16, 1924. The decedent owned at the time of her death certain real estate in New Orleans. This real estate was valued by the petitioner at the time of filing the estate-tax return at $8,000. This is the figure at which the property was carried on the assessment rolls in 1923 and 1924 by the City of New Orleans. The Commissioner determined that the value of the property was $12,000.

The executrix of the estate was the residuary legatee and received the entire estate, with the exception of certain specific legacies. The will of the decedent did not make specific provision for the payment of executrix's commission in addition to the legacy, and made no reference whatever to such commission.

### OPINION.

TRAMMELL: There are two questions involved in this proceeding. The first relates to the value of the estate at the time of decedent's death, and the second to the deductibility of the executrix's commission, when no provision was made in the will for such commission and the executrix was the beneficiary under the will.

As to the first question, the Commissioner determined that the property in question had a value of $12,000 at the time of the decedent's death. The only testimony which is in conflict with this is the fact that the property was assessed for taxation purposes by the City of New Orleans at $8,000. There is no testimony as to the basis upon which the property was assessed, whether at its full value or otherwise, nor is there any testimony that the value placed upon the property for local taxation purposes was correct. The burden of proof is upon the taxpayer to establish by a preponderance of evidence that the determination of the Commissioner is incorrect. In our opinion, the taxpayer has not sustained that burden with respect to the valuation of the real estate here involved.

With respect to the deductibility of the executrix's commission, resort must be had to the law of Louisiana, as interpreted by the

courts of that State. If, under the law of Louisiana, a sole beneficiary, who is also executrix, under the will of the decedent, is entitled to executrix's commission out of the estate, such amount should be deducted in determining the net estate subject to the Federal estate tax.

Article 1686 of the Civil Code of Louisiana provides in part as follows:

> Testamentary executors, to whom the testator has bequeathed any legacies of other gifts by his will, shall not be entitled to any commission unless the testator has formally expressed the intention that they should have the legacies over and above their commission.

The statute has been interpreted in several decisions by the Supreme Court of Louisiana. In the case of *Succession of Abrams*, 145 La. 627; 82 So. 727, decided by the Supreme Court of Louisiana June 30, 1919, the court reviewed many of its previous decisions interpreting the above section of the Code, and quoted from *Succession of Fisk*, 3 La. Ann. 706, as follows:

> The language of the article is general, including within its terms all executors, whether they be legatees under one and the same will, or under different wills. Any legacy, in the words of the law, given by the testator to his executor, will exclude the latter from commissions unless a contrary intention is expressed. * * * The French Code makes no provision for the compensation of executors. Subsequently, under that system, the duties of the trust are gratuitously performed, unless the testator otherwise directs. Our law differing from the French in this respect, has fixed the compensation of executors only in the event of the testator's silence. The testator must be presumed to know the law, and to be aware of this rule. If he make a bequest to his executor, this must be considered in law equivalent to a declaration of his intention that the legacy shall stand in lieu of commissions. It is the compensation which he fixes for the services to be rendered by his executor, which can neither be increased nor diminished. The executor is not compelled to accept the trust. But, if he act, no option is left to him; he can receive no other compensation than that fixed by the testator himself.

The taxpayer, however, contends that this rule laid down by the Supreme Court of Louisiana does not apply to a case where the executor is also universal legatee, but this question was decided by the Supreme Court of Louisiana in the case of *Succession of McNeely*, 50 La. Ann. 823; 24 So. 338. The universal legatee in that case claimed the statutory commission. The court, however, disallowed it and applied the rule set out above.

In view of the law of Louisiana, as interpreted by its Supreme Court, we must hold that the executrix's commission is not properly allowable as a deduction in determining the estate subject to the Federal estate tax.

*Judgment will be entered for the Commissioner.*