23 So.2d 184

## SUCCESSION OF SINGER.

### No. 37692.

June 5, 1945.

Rehearing Denied June 29, 1945.

John T. Charbonnet, of New Orleans, for appellant.

Walter B. Hamlin, of New Orleans, for opponents-appellees.

HAWTHORNE, Justice.

This appeal was taken by Mrs. Theresa Gro Singer, testamentary executrix of her deceased husband, Frederick Singer, from that part of a judgment rendered in the lower court on the opposition to her final account as such, filed by Mrs. Antoinette Singer Mock and Mrs. Eleanor Singer Woodcock, sisters and heirs of the deceased Singer, decreeing that the said testamentary executrix had waived her usufruct on the residue of the proceeds of property sold to pay the debts of the succession, and decreeing that the opponents be paid the amount thereof in equal portions. The lower court found that the separate estate of the decedent had in cash $7,703.50, from which there was deducted the sum of $2,693.96, being debts of the separate estate, and the balance of $5,009.54 was ordered delivered to the opponents, free of the usufruct.

Mrs. Mock and Mrs. Woodcock have answered the appeal, praying that the judgment appealed from be amended by eliminating therefrom the fee of the testamentary executrix, amounting to a total of $787.96, of which $258.40 was charged against the separate estate and $529.56 against the community estate.

Frederick Singer died on July 30, 1942, in the City of New Orleans, his domicile, leaving a last will and testament made in olographic form, by which he appointed his wife, Mrs. Theresa Gro Singer, executrix of his estate. He bequeathed to his wife the usufruct of all the property of which he died possessed, and to his sisters, Mrs. Mock and Mrs. Woodcock, the

naked ownership thereof, subject to the usufruct in favor of his wife.

In due time, the executrix named in said will qualified as such and caused an inventory to be made of all the property left by the deceased, showing that his estate consisted of both community property and separate property.

On May 18, 1943, the executrix filed a petition to sell certain separate and community property of the succession for the purpose of realizing sufficient funds to pay the debts of the deceased and the charges of the succession. In this petition she alleged that, in order to pay the succession debts, "petitioner believes that it would be to the best interest and advantages of the Succession and its creditors that the following described property, upon which petitioner renounces her usufruct, be sold, to-wit * * *". The affidavit to this petition was signed and sworn to by the testamentary executrix, and an order of sale was rendered thereon, as prayed for. All of the property described in said petition was sold at public auction, but the adjudicatee of two lots would not accept title unless a special appraisement was made. Accordingly, the testamentary executrix filed a petition for a special appraisement of this property, same being appraised at $1,400, and immediately thereafter filed a petition to sell the two lots in question to pay debts of the succession, alleging that it was to the manifest advantage of the succession and the creditors and heirs of the decedent that said property be sold at private sale to pay debts. This

application was approved by the court, and the property was sold at private sale.

After these sales were made, Mrs. Mock, one of the heirs, filed a rule to compel the testamentary executrix to file an account, and, on the day this rule was made returnable, the executrix filed her final account, now under consideration, in which she claimed the usufruct of the amount in cash remaining in her hands, as executrix, after the payment of all succession charges and debts. To this final account Mrs. Mock and Mrs. Woodcock filed opposition.

After a hearing thereon, judgment was rendered amending the account in certain particulars and decreeing that the sum of $5009.54 be delivered to said opponents in equal proportions, free of the usufruct in question, this being the cash residue of the separate estate after the payment of the debts thereof.

The terms of the last will and testament in this case are clear and unambiguous, and there can be no doubt that the testator left to his widow, Mrs. Theresa Gro Singer, the usufruct of all the property of which he died possessed, and to his sisters, Mrs. Mock and Mrs. Woodcock, the naked ownership, subject to the usufruct in favor of his surviving wife.

In the will the testator appointed his wife executrix of his estate, and, after qualifying as such, she made applications to the court to sell certain properties belonging to said succession, which were described fully and in detail in her applications, said sales to be made for the purpose of paying the debts and charges of the succession. She

attached to one of her petitions a list of the debts, which amounted in the aggregate to more than $5000. Pursuant to her applications, the judge ordered the properties described in said applications sold, after legal delays and advertisement and according to law. The legatees, opponents to the final account filed herein, made no opposition to these applications, and thereby tacitly consented to the sale of these properties. In due time, these properties, some of which belonged to the community estate and some to the separate estate of the decedent, were sold.

Opponents contend that the executrix, by her use of the language "petitioner believes that it would be to the best interest and advantages of the Succession and its creditors that the following described property, upon which petitioner renounces her usufruct, be sold", waived and renounced the usufruct granted to her under the terms of the last will and testament, and that therefore they are entitled to the cash residue of the proceeds of these sales, after the payment of all debts and charges of said succession.

■ We are of the opinion that the language used by Mrs. Singer was not a renunciation of the usufruct, but was simply a waiver or renunciation, for the sole purpose of the sale, in favor of the purchasers of the properties and not in favor of the heirs. We are convinced that Mrs. Singer, in using the above quoted language in her application to the court for the sale of these properties, realized that to sell them burdened with a usufruct would be difficult, and that, since she realized this and desired

that the properties be sold for their true value, it was to the best interest and advantage of the succession and its creditors that they be sold free from the usufruct.

Under Article 624 of the Revised Civil Code, the renunciation of the usufructuary cannot be inferred from the circumstances but must be express, and we find no such express renunciation in favor of the heirs, under the facts in this case.

■ There is no dispute that this succession was burdened with debts, and that it was necessary to sell certain properties to pay and discharge these obligations. Under such circumstances, the usufructuary either is permitted to retain the whole property and receive its fruits on making the necessary advances to discharge the debts, which advances are to be reimbursed without interest at the termination of the usufruct, or is permitted to sell property to an amount sufficient to discharge them, unless the heirs will make the advances, and to exercise the right upon the residue. Revised Civil Code, Articles 584 and 585; Succession of Bringier, 4 La.Ann. 389, 395; Succession of Weller, 107 La. 466, 470, 31 So. 883.

In Succession of Cardona, 14 La.Ann. 356, the deceased left a last will and testament, bequeathing to his wife the usufruct of all the property of which he died possessed. Subject to this usufuct, a one-sixth interest was bequeathed to a minor named Charles Matthews, and the two minor nieces of the testator were named as universal legatees. The estate on which the usufruct was given was converted into cash, and there was a balance in excess

of $2,800 in the executor's hands after the payment of debts, as shown by his account. In the lower court, this sum of money was decreed to be due to the minor nieces of the testator, and on appeal the widow asked that she be decreed to have possession, as usufructuary under the will of her husband, of said sum. This court amended the judgment of the lower court and ordered the executor to pay over to the widow, as usufructuary, the sum of money in question, upon her executing and depositing with the district court bonds in favor of the judge of that court to the amount of the cash involved in order to secure the eventual rights of each of the minors.

We conclude that Mrs. Singer, by her declaration in the applications for the sale of property to pay debts, did not renounce the usufruct of the residue of the estate.

■ Since the final account filed herein shows that Mrs. Singer has accepted the legacy of the usufruct and since we have concluded that she has not renounced it, we are of the opinion that she is not entitled to charge any commission for acting in the capacity of testamentary executrix, since the testator did not formally express the intention that she should have the legacy over and above the commission as testamentary executrix. Article 1686 of the Revised Civil Code provides:

"Testamentary executors, to whom the testator has bequeathed any legacies or other gifts by his will, shall not be entitled to any commission unless the testator has formally expressed the intention that

they should have the legacies over and above their commission."

See, also Succession of Cucullu, 4 Rob. 397; Succession of Abrams, 145 La. 627, 82 So. 727; Succession of Williams, 156 La. 704, 101 So. 113.

There is no doubt in our minds that a bequest of the usufruct of property left by the testator is a legacy under the provisions of the above quoted article. This fact is recognized in the Code itself, for Articles 585 and 586 thereof refer to a usufruct as a "legacy", Article 585 using the expression "the legacy of the usufruct."

The inventory filed in these proceedings appraised at $4,000 certain *improvements,* consisting of a dwelling, a garage, etc., constructed on the separate property of the decedent, as belonging to the community estate, and the lots on which these improvements were situated as belonging to the separate estate, which lots were also appraised at $4,000. The executrix contends in this court that the claim due by the separate estate to the community estate for the enhanced value of the property has not been properly set up and appraised, and in brief filed herein frankly states that the claim due by the decedent's separate estate to the community estate was not called to the attention of the lower court, and asks that we remand the case so that this may be done.

■ The law is well settled that improvements erected during marriage on the separate property of one of the spouses, even though made with community funds, belong to the owner of the soil, subject

only to the duty of paying to the community at its dissolution the enhanced value of the property resulting therefrom. Revised Civil Code, Article 2408; Dillon v. Dillon, 35 La.Ann. 92; Dillon v. Freville, 129 La. 1005, 57 So. 316; Succession of Goll, 156 La. 910, 101 So. 263; Peters v. Klein, 161 La. 664, 109 So. 349.

The improvements constructed on the separate property of·the decedent, Frederick Singer, form part of the separate estate and should have been appraised with the land and so inventoried, and should not have been appraised as belonging to the community estate. Therefore this is an error patent on the face of the record, and, since it was not called to the attention of our learned brother below, it is necessary that we remand the case so that the amount, if any, due the community estate for the enhanced value of the separate property may be·established or determined, as the record before us is not sufficient to enable this court to pass upon this question.

Counsel for the executrix, in argument before this court, called our attention to the fact that the attorney appointed and named in the last will and testament, who filed the initial proceedings below, has been ·called to the service of his country, being now in the Armed Forces, and that thereafter his wife, an attorney who, counsel for the executrix says, is not actively engaged in the practice of law, represented the executrix, being assisted therein by ·another counsel in the lower court, and that in this court the testamentary executrix was represented by still another attorney, who here made his first appearance

in the case. Under these circumstances, especially since there is an error patent on the face of the record, we think it just and wise to exercise the discretion given under Article 906 of the Code of Practice, and to remand the case. This article provides:

"But if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law."

In Rhodes v. Cooper, 113 La. 600, 608, 37 So. 527, 530, this court said:

"Article 906 of the Code of Practice permits this court to remand causes when it does not believe matters are in such a condition as to enable it properly to pronounce judgment therein."

In Klopstock v. United Fruit Co., 171 La. 296, 304, 131 So. 25, 27, we stated:

"We may remand the case, in the furtherance of justice, to afford an opportunity to establish the true situation."

For the reasons above assigned, it is now ordered that the judgment of the lower court, decreeing that the testamentary executrix, Mrs. Theresa Gro Singer, had waived her usufruct on the residue of the proceeds of the property sold to pay the debts of the succession, and decreeing that the opponents, Mrs. Antoinette Singer

Mock and Mrs. Eleanor Singer Woodcock, be paid the amount thereof, the sum of $5,009.54, in equal portions free of said usufruct, be reversed and set aside. It is also ordered that the judgment of the lower court granting to Mrs. Theresa Gro Singer, as testamentary executrix, a fee or commission amounting to $787.96 be reversed and set aside. It is further ordered that this case be remanded to the lower court to determine the indebtedness due the community, if any, by the separate estate for the enhanced value of the separate property resulting from the improvements constructed thereon at the expense of the community, and, when so determined, said final account be recast, with the rights reserved to all parties to urge any opposition thereto that they may deem right and proper in the premises. All costs of these proceedings are to be paid by the succession.

O'NIELL, C. J., takes no part.