HARDY, Judge.
This is an action for divorce instituted by plaintiff wife, who further prayed for judgment for alimony, attorney’s fees and recognition of her claims to her separate and paraphernal property. By answer defendant husband, in addition to other relief, prayed for judgment, in favor of himself or the community, representing the alleged value of improvements to plaintiff’s separate property effected during the existence of the community. There was judgment in favor of plaintiff on her principal demands and in favor of defendant on his reconventional demand, recognizing plaintiff’s indebtedness to the community in the amount of $783.49. Defendant has appealed from the judgment rendered, and, concededly, the issue presented is limited to the issue of his entitlement to his claims on behalf of himself or the community against plaintiff’s separate estate.
It is contended on behalf of defendant that during the existence of the community he expended various sums for improvements to plaintiff’s separate property, consisting of a house and lot located in the City of Monroe, in the aggregate amount of $2,054.47, which expenditures defendant claims resulted in the enhancement of the value of plaintiff’s separate property in an amount of $4,970. Reduced to the basic element of dollars and cents, defendant urges, first, that he is entitled to judgment in the sum of $2,485, representing one-half of the enhanced value of the property due to community expenditures, or, alternatively, to reimbursement of one-half of his claimed expenditures of $2,054.47 made from community funds.
Questions of law which are somewhat vexing and difficult of resolution have been urgently tendered in brief and argument by learned counsel for defendant. As a point of departure counsel notes that the district judge, relying upon Succession of McClel-land, 14 La.Ann. 762, 763, concluded that the community would be entitled only to reimbursement of the actual cost of improvements to the separate estate of one spouse made during the existence of the marriage, notwithstanding the increase or enhancement of the value of the property. *166 Counsel relies upon the provision of LSA-C.C. Article 2408, reading as follows:
“When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one half of the value of the increase or ameliorations, if it he proved that the increase or ameliorations be the result of the common labor, expenses or industry; but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things, to the rise in the value of property or to the chances of trade.” (Emphasis supplied.)
In a scholarly discussion of the relationship of the above article to its counterpart, Article 1437 of the Code Napoleon of 1804, supported by comments of Pothier and Planiol, counsel concludes that the term “reward” does not comprehend merely i\ reimbursement of expenditures but should be extended to include the enhancement of value attributable to such expenditures.
As we have above observed, the resolution of the legal principle involved is not without difficulty. In an exhaustive discussion of the principle of separate claims to reimbursement from community property in a comment by W. 0. Huie, Professor of Law of the University of Texas, 27 T.L.R., 143, et seq., the author makes the following observation with reference to the holding in Succession of McClelland, cited supra:
“ * * * it was squarely held * * * where the enhancement of the husband’s separate land at the dissolution of the community exceeded the cost of the improvement to the community, that the community should not be allowed more than the cost.” Footnote, page 215.
Unquestionably the above represents a correct statement of the holding in the McClelland case, but we confess to some confusion resulting from the unqualified pronouncement of the Supreme Court in Abunza v. Olivier, 230 La. 445, 88 So.2d 815, 820, as follows:
“Recovery under Article 2408 of the Civil Code is not based on the amounts expended by the community for the repair and improvement of the separate property of one of the spouses; it is limited to the enhanced value of the property resulting from the repairs and improvements. Succession of Singer, 208 La. 463, 23 So.2d 184; Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502; Williams v. Williams, 215 La. 839, 41 So.2d 736; and Abraham v. Abraham (230 La. 78) 87 So.2d 735.”
The same question has been recently considered by our brethren of the First Circuit in Chrisentery v. Chrisentery, 124 So.2d 426, and the Court concluded that the enhanced value of the property and not the cost of improvements should determine the recompense to which the community is entitled.
After thorough consideration we have reached the conclusion that the facts presented by the record in the instant case do not require effort on our part to resolve the apparent conflict in the principles of law above stated.
There is no dispute as to the fact that the property involved was a part of the separate and paraphernal estate of plaintiff wife which she had purchased for a consideration of $3,000 on December 1, 1943. Plaintiff and defendant were married on December 29, 1951, which marriage was dissolved by the decree of divorce included in the judgment of this case dated January 30, 1959. Nor is there any question as to the substantial enhancement in value of plaintiff’s property between the above dates. The most convincing testimony as to the cause of the increase or enhancement in value of the property involved is found in the testimony of plaintiff’s expert witness, Mr. Gilbert Faulk, who *167 possessed a reliable background of many years experience as a real estate broker. This witness appraised the market value of the lot and improvements, as of the time of trial early in December of 1958, at $8,080. The witness testified in detail as to his basis of valuation with reference to reproduction costs less depreciation, and additionally testified that the appraisal charts of the Markel Appraisal Company, used and relied upon by insurance companies and adjustment bureaus, would result in an increase of value of property purchased in 1943 at 2.527%. In this connection we note the argument of counsel for defendant that the increase on a percentage basis of 2.527 would amount to less than $90. We completely disregard this argument for the reason that our perusal of the testimony makes it abundantly clear that the witness did not intend the figure as a percentage (.02527) but as meaning the multiplication of the original price by 2.527, which would result in a few hundred dollars excess over his valuation of $8,080. It is further established by the testimony of this witness that this increase was not due to the expenditures allegedly made by defendant out of community funds but to the enhancement in value attributable to general economic conditions. Under these circumstances we think there is no question as to the correctness of the conclusion that defendant’s contributions have not affected nor been responsible for the enhancement in value of the separate property of plaintiff wife, and, therefore, his claim for an allowance on this ground must fail.
Defendant’s alternative claim for reimbursement of money actually expended to the extent of $2,054.47 is not justified by the record. The district court allowed a total of $783.49 as constituting the proved expenditures, and with this finding we are in full accord, since the evidence in the record does not support the allowance of a greater amount.
Under the above facts and the conclusions predicated thereupon, we reiterate our statement that defendant has failed to establish, under either of the apparently, opposed legal principles first discussed in this opinion, an entitlement to any amount exceeding the allowance made in the judgment. Of course, if plaintiff had appealed or answered defendant’s appeal contesting the amount allowed in favor of defendant, we would then have been confronted with the necessity for determining and applying one or the other of the legal principles considered.
Counsel for defendant further complained of the judgment appealed from on the ground that the district judge erred in the statement that the burden of proof was on the defendant to establish his expenditures in enhancing the value of plaintiff’s separate estate by a preponderance of the evidence. Since we have found that the expenditures did not result in enhancement of the value of plaintiff’s separate estate, we observe no need for consideration of this ground of error.
It follows that the judgment appealed from, in our opinion, is correct, and, accordingly, the same is affirmed at appellant’s cost.