FRUGÉ, Judge.
This is a suit between husband and wife, now divorced, for an accounting of community funds and for a determination of whether certain real property falls into the separate estate of the wife or belongs to the community of acquets and gains formerly existing between the parties. After trial on the merits of the latter issue, the trial judge held that one piece of property (designated by the parties as the “rent property”) which was purchased during the marriage with commingled (therefore community) funds became the property of the community. He further held that the property on which the family home was located belonged to the separate estate of the wife as it was purchased with separate funds donated to the wife by her father, the deed of acquisition containing the usual declara *402 tions of paraphernality. From this judgment the defendant husband has appealed, urging as his sole specification of error the trial judge’s classification of the “home property” as separate property of the wife.
In brief, counsel for the husband concedes that the lot on which the family home stands belongs to the separate estate of the wife, as the evidence clearly establishes that the purchase of the lot was made with separate funds given to the wife by her father. Counsel argues, however, that the house itself should be considered the property of the community since it was paid for with community funds.
In so arguing, we feel that counsel has overlooked the controlling principle of law as expressed in Louisiana Revised Civil Code Article 2408, which provides:
“When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one half of the value of the increase or ameliorations, if it be proved that the increase or ameliora-tions be the result of the common labor, expenses or industry; but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade.”
Under the settled jurisprudence interpreting and applying this article, improvements erected during the marriage on the separate property of one of the spouses, even though made with community funds, belong to the owner of the soil, subject only to the duty of paying to the community at its dissolution the enhanced value of the property resulting therefrom. Succession of Singer, 208 La. 463, 23 So.2d 184 (1945); Williams v. Williams, 215 La. 839, 41 So.2d 736 (1949); Hayward v. Carraway, 180 So.2d 758 (La.App. 1st Cir. 1965); Payton v. Jones, La.App., 38 So.2d 631 (1949); Succession of Burke, 107 La. 82, 31 So. 391 (1902); Giamanco v. Giamanco, 131 So.2d 159 (La.App. 3d Cir. 1961); Abunza v. Olivier, 230 La. 445, 88 So.2d 815; Chrisentery v. Chrisentery, 124 So.2d 426 (La.App. 1st Cir. 1960). See also Planiol, Treatise on the Civil Law, Vol. 3, Nos. 1280 through 1282, (Translation by the Louisiana State Law Institute).
Our research discloses that in Succession of Robert, 140 So.2d 528 (La.App. 1st Cir. 1962), the court, without explanation or citation of authority, did categorize a plot of ground as separate property and the house thereon as community property for the purpose of dividing a succession among heirs. The weight of authority, both statutory and jurisprudential, is so overwhelmingly opposed to the court’s unsupported classification of the property in that instance, however, that we deem the decision on that point merely an oversight on the part of a court caught up in a most complicated succession distribution.
It is our view, therefore, that the trial judge was correct in classifying the “home property” as belonging to the separate estate of the wife, and we hereby affirm his decision in all respects, reserving, of course, the defendant husband’s right in the subsequent proceedings below, to seek reimbursement for his share of the increased value of the real estate if in fact community funds were used to finance the construction of the home.
For the foregoing reasons the judgment of the lower, court is hereby affirmed, the defendant-appellant to bear all costs.
Affirmed.