REDMANN, Judge.
A judgment of possession obtained by a decedent’s three children of her first marriage placed them and a child of her second marriage into possession of her estate as her sole heirs. Her second husband sued the children (though no citation of the last child appears) to revoke that judgment, claiming that the wife’s originally separate immovable property had become community because of improvements made with community funds.
From judgment revoking the judgment of possession, the three children of the first marriage (hereafter “defendants”) appeal.
The husband asserts use of community funds (including loans secured by mortgage on the wife’s property repaid with community funds) to improve the wife’s property as the basis of the property’s conversion to community property. He theorizes a commingling of separate and com *888 munity resulting in the conversion (similar to that occurring in bank or savings accounts, as in Abraham v. Abraham, 1956, 230 La. 78, 87 So.2d 735). The trial court concluded that certain property became community and therefore vacated the judgment of possession.
C.C. art. 2408[1] governs. It provides for a claim against the property-owning spouse of “one half of the value of the increase or ameliorations”. Thus the husband’s only entitlement arising from use of community funds is to half the resulting enhancement in value; Succession of Singer, 208 La. 463, 23 So.2d 184 (1945). Accordingly the judgment appealed from must be reversed.
The claim of the husband is a debt of the wife’s succession. Defendants’ simple acceptance of the succession makes them liable for its debts, C.C. arts. 1013 and 1425, although not solidarily but according to their shares as heirs, arts. 1420, 1425, 1427 and 1428.
Yet there was neither pleading nor proof of enhancement in value, and in the absence of proof of enhancement no recovery can be had; Abunza v. Olivier, 230 La. 445, 88 So.2d 815 (1956). We decline to remand, as the husband alternatively requests, to allow proof of enhancement, as we might do under the broad power granted us by C.C.P. art. 2164. In any case the husband would have to amend his petition and we believe it preferable to have a new petition unconfused by claims of community etc. Our judgment will not prejudice the claim for half of enhancement in value (or for other settlement of the community, including the alleged debt for last illness expenses).
The judgment is reversed and plaintiff’s petition is dismissed.

. “When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one half of the value of the increase or ameliorations, if it be proved that the increase or ameliorations be the result of the common labor, expenses or industry ; but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade.”