383 So.2d 806 (1980)
Adruel Breaux RICHARD
v.
Joseph RICHARD, (two cases).
Nos. 13159, 13160.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
*807 John T. Pettigrew, Houma, for plaintiff and appellant.
Lee P. Lottinger, Jr., Houma, for defendant and appellee.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Adruel Breaux Richard, plaintiff-appellant, and Joseph Richard were married in 1955. In 1972, Mrs. Richard inherited certain lands, admitted by both parties to be her separate property. Subsequently, using community funds, Mr. and Mrs. Richard purchased a wood-frame house and moved it to Mrs. Richard's tract of land. That house became their domicile.
On February 2, 1978, the Richards were judicially separated. In March of 1978, Mrs. Richard sought to evict her husband from the family home. Defendant filed a dilatory exception of prematurity. The matter was taken under advisement.
On May 29, 1979, a judgment of divorce was rendered against Mr. Richard. Shortly thereafter, plaintiff again sought to evict Mr. Richard from the family home. Defendant filed both a dilatory exception of prematurity and a declinatory exception of lis pendens. Both suits for eviction were then consolidated.
The trial court heard arguments on the exceptions, determined there could be no eviction prior to partition, maintained the exceptions, and dismissed Mrs. Richard's suit. She appeals. We reverse.
The thrust of Mrs. Richard's appeal is that the family home, though purchased with community funds, became her separate property by virtue of her ownership of the land. She urges that as owner, she may evict Mr. Richard and that, at most, she owes the former community of acquets and gains for the enhanced value of her separate property due to the presence of the home on it. This contention is correct.
Even though community funds were used to purchase the house which was moved, LSA-C.C. Art. 2408 allows her to claim the home as her own separate property.
LSA-C.C. Art. 2408 provides:
"When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse or his or her heirs, shall be entitled to the reward of one half of the value of the increase or ameliorations, if it be proved that the increase or ameliorations be the result of the common labor, expenses or industry; but there shall be no reward due, if it proved that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade."
Because Mrs. Richard's separate tract has been enhanced, she must account to the community for the increase in value. LSA-C.C. Art. 2408: Succession of Singer, 208 La. 463, 23 So.2d 184 (1945); Fontenot v. Fontenot, 339 So.2d 897 (La.App. 3rd Cir. 1976), writ denied 342 So.2d 217 (La.1977); Succession of Broussard, 306 So.2d 399 (La. App. 3rd Cir. 1975); Succession of Sonnier, 208 So.2d 562 (La.App. 3rd Cir. 1968); Williams *808 v. Williams, 199 So.2d 401 (La.App. 3rd Cir. 1967).
Plaintiff's duty to compensate the community in no way derogates from the fact that the home is an enhancement, and part of, her separate estate. She therefore is free to evict Mr. Richard, since he is not a co-owner in indivision of her separate property.
We note that had Mr. Richard not admitted the tract of land to have been his former wife's separate property, he could have demanded a partition of that part of the community. The strong presumption that property acquired by either spouse during a marriage is community property would have been operative as to both land and house. LSA-C.C. Arts. 2402, 2405; R. D. M. Corporation v. Patterson, 255 La. 301, 230 So.2d 820 (1970).
Since the land's ownership was not contested, Mrs. Richard's right to the house operates as a matter of law, regardless of defendant's claim that it belonged to the community.
For the foregoing reasons, the trial court judgment maintaining defendant's exceptions and dismissing plaintiff's suit is annulled and reversed. The case is remanded for further proceedings not inconsistent with law and this opinion. All costs, both trial and appellate, are to be paid by Joseph Richard.
REVERSED AND REMANDED.