(99 South. 890)

No. 25946.

### SCAIFE et al. v. JONES et al.

(March 31, 1924.)

*(Syllabus by Editorial Staff.)*

1. Infants ⊜⇒75—Minors; plaintiff in partition held not authorized to join minors as plaintiffs.

Where a power of attorney for the settlement of certain estates did not authorize the bringing of suit, the holder of the power had no authority, by reason of it, to join minors as parties plaintiff in a partition suit.

2. Adverse possession ⊜⇒84—Prescription; claimant's possession held not in good faith.

Where one suing in partition without authority, joined as plaintiffs certain minors, alleging them to be of age, his possession, pursuant to purchase at the partition sale, could not be deemed that of a purchaser in good faith so as to support the plea of prescription of ten years urged as a defense against persons assailing the validity of the partition.

3. Infants ⊜⇒87—Minors; decree of partition held null as to minors improperly joined.

Where minors were joined as parties plaintiff in a partition suit as though they were

majors without a guardian ad hoc, the partition as to them was absolutely null.

4. Partition ⊜⇒117—Partition, void as to some plaintiffs, void as to all parties.

Where partition is null as to certain plaintiffs, it is without effect as to all other parties thereto in view of Civ. Code, art. 1412.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Action by Charner A. Scaife and others against George A. Jones and others. Judgment for defendants, and plaintiffs appeal. Judgment set aside, and judgment for plaintiffs entered.

E. R. Kaufman, of Lake Charles, and W. J. Carmouche, of Crowley, for appellants.

McClendon, Morelock & Seals, of Homer, for appellee Holland Youngblood.

T. H. McGregor, of Shreveport, for appellee George A. Jones.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Plaintiffs, some 20 in number, sue as heirs of Charner P. Scaife, who died in 1895, for the recovery of an interest in the south half of the southwest quarter of section 21, and all of section 28, except the southwest quarter and southeast quarter of the southeast quarter, all in township 22 north of range 5 west, Louisiana Meridian, and situated in Claiborne parish, La. They assail a certain partition proceeding alleged to have been provoked by one Dr. William I. Scaife, now also deceased, and a son of the said Charner P. Scaife, upon the ground that they, petitioners, or the persons through whom they claim, were not properly represented or made parties to said proceedings. They make the present holders of the property parties defendant and pray to be recognized as the owners and entitled to possession thereof. They also make H. L. Martin and Grant G. Stephens parties defendant and ask that certain mineral leases in their favor granted by the other defendants be an-

nulled and set aside, and that their rights to recover rents and revenues be reserved. Defendants filed certain exceptions, including one of no cause of action, which were overruled. Whereupon, they answered by making a general denial, coupled with a plea of prescription of 10 years acquirendi causa and called in warranty their vendors. No appearance was made to the calls in warranty.

The lower court sustained the plea of prescription and rejected plaintiffs' demands. Plaintiffs alone appealed, and defendants have not answered the appeal.

### Opinion.

On October 17, 1900, there was filed in the court below a petition for the partition of the property now in contest purporting to be in the name of—

"Dr. William I. Scaife, a resident of your parish of Claiborne and state aforesaid, of James M. Scaife, of Lincoln parish, said state, of Rolin L. Scaife, of Grand Lake, state of Arkansas, of Dr. Robert H. Scaife, of ——, state of Texas, of Mrs. Ruth Ramsey, wife of G. E. Ramsey, of Timpson, Texas, * * * of Mrs. Maggie Zeigler, wife of J. P. Zeigler, of Longview, Texas, * * * only living children of their father and mother, C. P. Scaife, and his first wife, Mrs. Sarah A. Scaife, both of whom are now dead.

"That to this first marriage were also born Mrs. Edith St. Cloud, but who died some ten years or more ago and left two children issue of her marriage with V. E. St. Cloud, to wit, *Miss Inez and Miss Irene St. Cloud, both of whom are now majors and both of whom now reside in state of Georgia and both of whom join in this suit and petition as plaintiffs.*

"To this first marriage was also born Mrs. Mattie Smith, but who died some years ago, leaving two sons, *Byron and Victor Smith,* issue of her marriage with P. S. Smith.

"That said two sons also reside in the state of Georgia, *are majors and also join in this partition and suit as plaintiffs.*

"That Dr. C. Augustus Scaife was also born of the first marriage, but that he died less than one year ago in the Indian Territory, where he was living and at his death, left a widow, Mrs. Leona Scaife, *and several children from five to eight in number, issue of his marriage*

*with his said widow."* (All italics are by the writer.)

Petitioner further alleged that "some of the children and heirs of Dr. C. A. Scaife, deceased, are minors," and prayed that a "curator ad hoc be appointed to represent" them and through whom they should be cited, and that there be a partition by licitation of the 520 acres of land described in the petition.

Upon affidavit of the said W. I. Scaife showing the absence of the judge, the clerk of court signed an order appointing J. E. Moore, Esq., "curator ad hoc, to represent the absent children and heirs of Dr. C. A. Scaife, deceased; and also to represent the absent minor Fletcher Scaife." Whereupon the said J. E. Moore, Esq., signed the following acceptance and waiver at the foot of the petition:

"I hereby accept the appointment as curator ad hoc for the minor Fletcher Scaife and for the absent children and heirs of Dr. C. A. Scaife, deceased, and acknowledge service of the above and foregoing petition, waive copy and waive citation, but reserve all legal delays. This October 20, 1900."

Thereafter, on November 15, 1900, Moore, as curator ad hoc for the said heirs of C. A. Scaife and the minor Fletcher P. Scaife, appeared and filed an answer denying "all and singular the allegations" of the petition, "except such as hereinafter admitted."

"He admits the heirship as set forth in plaintiffs' petition and that as heirs they owned an interest in the land described."

The case was then proven up and a judgment rendered ordering the sale of the property to affect a partition. In due season, it was advertised, sold, and bought in by the said Dr. W. I. Scaife for $900. The procès verbal was signed by the said J. E. Moore as "curator ad hoc of the heirs of Dr. C. A. Scaife," and by E. H. McClendon as attorney for the plaintiffs in said proceeding, including "heirs of Mrs. Edith St. Cloud, deceased,

and heirs of Mrs. Mattie Smith, deceased." Title deed was duly executed and recorded January 11, 1901, and the purchaser went into possession. Dr. W. I. Scaife died a short while thereafter, and his widow and minor heirs continued to own and possess the property until 1918, when it was sold to the present defendants.

The evidence shows that plaintiff Mrs. Inez St. Cloud Lyon was born June 15, 1880, and was therefore a minor when the suit for partition was filed October 17, 1900, that she lived during the latter year in Augusta and Havana, Ga.; and that her mother, Edith Olivia Scaife, had died in September, 1890. She testified that she knew nothing of the filing of the partition suit in October, 1900; and that her sister, Irene St. Cloud, now deceased, was born January 11, 1882.

The record also disclosed that Byron Scaife Smith was born August 8, 1886, and his brother, Victor E. Smith, on September 12, 1888; and that their mother died in the year 1890. Hence they were also minors, aged, respectively, 14 and 12 years, when the partition proceedings, in which they purported to appear as majors, were had in 1900.

From this it appears that these four persons were illegally made parties plaintiff in that cause, for they could only have appeared through guardians or tutors; and as to them, at least, the proceeding was illegal.

Hence we come to the real issue in the case, and that is as to whether Dr. W. I. Scaife was a purchaser in good faith at the partition sale so as to support the plea of prescription of ten years acquirendi causa. It is conceded that the present holders acquired in good faith, but they had only held the property about two years when this suit was filed and are forced to rely upon the possession and good faith of Dr. W. I. Scaife and his heirs.

There was filed in evidence below a power of attorney from certain of the children of the original owner, Charner P. Scaife, to W.

I. Scaife, dated April 4, 1895, but it was not only not signed by the mothers of these plaintiffs, Mrs. St. Cloud and Mrs. Smith, but was executed after their deaths; and while it authorized the said W. I. Scaife to act for the parties signing "in the settlement of the estates of our deceased mother, Mrs. S. A. Scaife, and our deceased father, C. P. Scaife, giving our said agent full power to do and perform any and all acts necessary in the settlement of said estates to so sign our names to any and all receipts, deeds or other instruments that may become necessary, in said settlement, * * *" it nowhere specifically empowered the agent to bring suits, which special power is necessary under our law.

[1-3] We are forced to conclude, therefore, that Dr. W. I. Scaife did not have authority to join these minors in the partition suit, and must have done so in at least legal bad faith; for, if he had made any investigation, granting that he did not know the ages of his sisters' children, he would have found that at least two of them were minors of tender years, aged 12 and 14 years, respectively, and the others 18 and 20. Having alleged that they were of age and joined them in the suit, it is clear that this was, for the same reason, done without authority because the minors could not give it; and he certainly could not be said to have been in good faith where there was no authority and the facts sworn to in the petition were not true. The net result was, in these circumstances, the same, as to W. I. Scaife and his heirs, as if these minors had not been made parties at all. As to them, the proceeding was absolutely null. Crayton v. Waters, 146 La. 238, 83 South. 540.

Of course, not being able to avail themselves of the possession of their vendors, the defendants have failed to show a condition to sustain the plea of ten years prescription.

[4] The partition being null as to these plaintiffs, it follows that it was without ef-

fect as to all other parties thereto. C. C. art. 1412; Crayton v. Waters, supra.

The conclusion which we have reached on this phase of the case precludes the necessity of passing upon the other issues.

As to the cause in warranty, some of the warrantors were alleged to be nonresidents, and, of course, no personal judgment could be given against them; the others did not answer; and since the judgment below went in favor of defendants, they did not appeal or answer that taken by plaintiffs. Hence we shall reserve their rights to pursue all legal claims against their warrantors.

For the reasons assigned, the judgment appealed from is annulled and set aside; and it is now ordered, adjudged, and decreed that the plaintiffs have and recover judgment against defendants, annulling and setting aside the partition sale of December, 1900, recorded in conveyance Book T, pp. 448, 449, of the Records of Claiborne Parish, covering the following described property, to wit:

South half of southwest quarter of section twenty-one, the north half and the north half of the southeast quarter and the southwest quarter of the southeast quarter of section twenty-eight, in township twenty-two north, range five west, consisting of 520 acres, more or less, with improvements thereon at the time of said sale.

And that plaintiffs be and they are hereby decreed to be owners in indivision of the following proportions of said property, to wit:

Charner A. Scaife, William L. Scaife, and Mrs. Evelyn Scaife Hoefling each an undivided one twenty-seventh interest, as heirs of Dr. C. A. Scaife, deceased; R. L. Scaife, Roy R. Scaife, Don Scaife, Ruby Scaife Ratcliffe, Mrs. Ruth Scaife Cullins, J. Elmo Scaife, a minor, represented by his mother and natural tutrix, Mrs. Tennie Scaife, each an undivided one sixty-fourth as heirs of Jos-

eph M. Scaife, deceased; Margaret Scaife and Dayton Scaife, minors, represented by their tutrix, Mrs. Nevada Scaife, and also Mrs. Aldina Scaife Gates, a one twenty-seventh interest each, as the heirs of Robert L. Scaife, deceased; Roland L. Scaife, an undivided one-ninth interest, as the heir of Robert T. Scaife, deceased; Roland Zeigler and Leroy Zeigler, the latter a minor represented by his guardian, J. E. Price, an undivided one-eighteenth interest each, as the heirs of Mrs. Maggie Scaife Zeigler, deceased; Mrs. Inez Lyon, an undivided one-eighteenth interest; Emily Rector, a minor represented by her guardian, an undivided one thirty-sixth interest, as heirs of Mrs. Edith Scaife St. Cloud; Byron Smith and Victor Smith an undivided one-eighteenth interest as the heirs of Mrs. Mattie Scaife Smith; and Mrs. Ruth Scaife, wife of George E. Ramsey, an undivided one-ninth interest in her own right.

That the rights of plaintiffs to sue for rents and revenues be reserved; that defendants' rights to sue their warrantors and to recover for improvements placed upon the property since their acquisition be also reserved; and that defendants pay all costs.