HAMITER, Justice.
On September 13, 1920, Thomas Blanchard purchased and acquired 30.9 acres of land in Lafourche Parish for a total consideration of $3,678 payable partly in cash and the balance on terms of credit. On June 30, 1926 he executed a deed reciting a sale of the land to his father-in-law, Alexis Plaisance, for a cash consideration of $3,7U0, both of whom at that time were residing on the property.
Approximately 20 years later (May 27, 1946) Plaisance instituted this action against Blanchard to obtain a judgment “* * * recognizing petitioner, as the true and lawful owner of said property, and, as such, entitled to the full and undisturbed possession thereof, and ordering said Thomas Blanchard to deliver possession of said property to petitioner.” In resisting the demand the defendant pleaded that the 1926 act of sale, under which his father-in-law claimed, was a simulation.
After the cause was tried on the merits, but before it was decided, plaintiff died. Later, on March 24, 1948, his counsel moved in writing that certain alleged heirs be substituted as parties plaintiff; and the court, by an ex parte order, so decreed. On the same date a judgment was rendered and signed recognizing the substituted parties plaintiff as the owners of the property in controversy. From the judgment the defendant appealed.
In this court, by way of exceptions, appellant challenges the validity of the judgment on the ground that there was im *621 proper substitution of parties plaintiff. And he urges, to quote from the brief of his counsel, “that this case should be remanded to the lower court in order that the order of substitution heretofore rendered may be corrected.”
The exceptions, we think, have merit. A certificate of baptism attached thereto discloses that one of the parties ordered substituted in plaintiff’s .stead was and is a minor (Dolores Jane Blanchard, born July 30, 1935), and it does not appear from the substitution proceedings that she was represented by a tutor. This being true such unrepresented minor was not legally before the court and, accordingly, the judgment as to her was invalid. Code of Practice Article 108; Psyche v. Paradol, 6 La. 366; Baldwin v. Carleton, 11 Rob. 109; Mitchell v. Cooly, 12 Rob. 370; Crayton v. Waters, 146 La. 238, 83 So. 540; and Scaife v. Jones, 156 La. 5, 99 So. 890. Moreover, the minor is a necessary party to the cause, since she is an heir of plaintiff and her interest in the property would be determined by the outcome of the litigation; and, hence, the case should be remanded to permit a proper substitution and the rendition of a valid judgment. Bedford v. Shelton, 18 La.Ann. 40; Dirmeyer v. O’Hern, 39 La.Ann. 961, 3 So. 132; and DeHart v. Continental Land & Fur Company, Inc., 196 La. 701, 200 So. 9.
Incidentally, also attached to appellant’s exceptions is documentary evidence disclosing that another substituted party (Raleigh P. Blanchard) died prior to plaintiff’s death. Whether he is survived by descendants who would represent him as an heir of plaintiff is not shown by the record. If there are surviving descendants they can and should be substituted as parties plaintiff on the remand.
For the reasons assigned the judgment appealed from is set aside and the case is remanded for further proceedings in accordance with law and consistent with the views herein expressed. Costs of this appeal shall be paid by appellees and all other costs are to abide the final disposition of the case.
SIMON, J., recused.