**96 So.2d 1**

Succession of Virginia Intravi **RUSCIANA.**

No. 43095.

May 6, 1957.

Rehearing Denied June 10, 1957.

Ponder & Ponder, Amite, for defendant-appellant.

Iddo Pittman, Jr., Hammond, for plaintiffs-appellees.

SIMON, Justice.

Plaintiffs instituted this suit to recover one-half of the alleged enhanced value of separate property belonging to the defendant caused by improvements made thereon by the community existing between the defendant and the decedent and to be sent and put in possession of said property as the heirs of the decedent together with two minor heirs who come to decedent's succession by way of representation.

The record discloses that the decedent died intestate on April 14, 1954; that she was married twice, first to Frank Canino who died in the year of 1922, and second to the defendant herein, Philip Rusciana on March 21, 1925. No children were born of the second marriage.

Petitioners are seven of the eight children born of decedent's first marriage; the eighth child, Katherine Canino Schillace, predeceased the decedent, leaving as her sole heirs two minor children, Angelo and Frank Schillace.

Petitioners alleged that the property left by the decedent consists primarily of the value of improvements on certain real property belonging to the separate estate of the defendant herein; that the total value of said improvements placed thereon by the community was $10,000; and that, therefore, the separate estate of the defendant herein is indebted to the community in the sum of $10,000 or one-half thereof to the estate of decedent in the sum of $5,000.

Defendant filed an exception of vagueness which was maintained, and by order of court plaintiffs filed a supplemental and amended petition and itemized the cost of the alleged improvements, totally the sum of $10,000. An exception of no cause or right of action filed by the defendant was referred to the merits.

In answer the defendant reurged his exception of no cause or right of action based on the ground no probate proceedings had been initiated and the heirs of decedents recognized as such and placed in possession of her estate. Further, that no tutorship proceeding was had in behalf of the minors called to this succession and that, therefore, they had no legal standing before the Court as party litigants. Defendant further denied that his separate property had been enhanced and alleged that on the contrary there had been ameliorations and decreases in valuation thereof.

After trial on the merits the district court rendered judgment recognizing petitioners, together with the two above-named minors, as heirs of the decedent and as such entitled to be put and sent into possession of all of the property belonging to the decedent in the proportion of an undivided one-eighth interest to each of the plaintiffs and an undivided one-sixteenth interest to each of the minors; and in said proportions judgment was rendered against the defendant in favor of said heirs in the sum of $1,653.50, which sum was decreed to be one-

half of the enhanced value of defendant's separate property resulting from improvements made thereon by the community existing between decedent and the defendant.

Defendant has appealed and presents two issues for consideration by us: (1) the capacity of the minors to stand in judgment, and (2) the correctness of the value of the alleged enhancement to the defendant's separate property by the community existing between him and the decedent.

Plaintiffs contend that since this suit is not a partition suit it is not necessary to make the two minors parties hereto. An examination of plaintiffs' petition reveals that though the two minors are not designated as parties plaintiffs in the preamble of the petition they are alleged to be forced heirs of decedent; and they are named in the prayer of said petition as the sole heirs of decedent, who, as such, pray to be sent and put in possession of her property in their respective proportions. Further, they pray for a money judgment in favor of all the heirs of decedent, the minors included, and against the defendant. The judgment of the trial court was accordingly rendered.

Article 108 of the Code of Practice provides that minors, persons interdicted or absent, cannot sue, except through the intervention or with the assistance of their tutors or curators.

■ Thus, the two minors in the instant case, being unrepresented, were not legally before the court and, accordingly, the judgment of the trial court as to them is invalid. Psyche v. Paradol, 6 La. 366; Crayton v. Waters, 146 La. 238, 83 So. 540; Scaife v. Jones, 156 La. 5, 99 So. 890; Plaisance v. Blanchard, 228 La. 618, 83 So.2d 648.

■ Moreover, since the minors are heirs of decedent and their interest in her property would be determined and affected by the decree rendered herein, they are necessary parties to the cause. Hence, we shall remand the case to permit a proper substitution of parties and the rendition of a valid judgment, all in accord with our probate laws. Heirs of Burney v. Ludeling, 41 La.Ann. 627, 6 So. 248; Jamison v. Superior Oil Co., 220 La. 923, 57 So.2d 896; Horn v. Skelly Oil Co., 221 La. 626, 60 So. 2d 65.

To an end to eliminate undue delays in this litigation we shall consider the correctness of the judgment of the trial court relative to the value of the alleged enhancement of the separate property of defendant. In considering this phase of the case we are primarily concerned with the sufficiency of the evidence with respect to the value of the separate property at the time of the inception of the community as well as at the time of its dissolution.

LSA–Civil Code, art. 2408 provides as follows:

"When the separate property of either the husband or the wife has been

increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one half of the value of the increase or ameliorations, if it be proved that the increase or ameliorations be the result of the common labor, expenses or industry; but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade."

The record discloses evidence to prove the value of the separate property at the time of decedent's death as well as 14 months later. There is also evidence of the actual cost of some of the repairs and improvements made to the defendant's property at the expense of the community. However, there is no evidence to show the value of the separate property prior to these improvements and more particularly at the inception of the community in order to determine the enhanced value at the time of the dissolution of the community.

In the case of Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502, 505, we held as follows:

"There must be taken into consideration, also, the repairs that were made during the existence of the community to the separate property of the husband, used and enjoyed by them as a home, although the recompense due for such repairs is not based upon the actual amounts expended, as claimed by the plaintiff, but is limited to the enhanced value of the property resulting from such repairs and improvements as of the date of the dissolution of the community. Article 2408 of the Revised Civil Code; Depas v. Riez, 2 La.Ann. 30; Succession of Boyer, 36 La.Ann. 506; Dillon v. Freville, 129 La. 1005, 57 So. 316; Succession of Ferguson, 146 La. 1010, 84 So. 338; Peters v. Klein, 161 La. 664, 109 So. 349; and Succession of Singer, 208 La. 463, 23 So.2d 184."

Article 906 of the Code of Practice provides that:

" * * * if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refused to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law."

■ In the instant case, in view of the absence of such evidence which we deem vital, we are unable to definitely fix the enhanced value, if any, of the separate estate of the defendant. For this additional rea-

son we shall remand the case so that this evidence may be adduced and judgment rendered according to good conscience and the requirements of justice.

Accordingly, for the reasons assigned, the judgment appealed from is set aside and the case is remanded for further proceedings in accordance with law and consistent with the view expressed herein. Costs of this appeal shall be paid by appellees and all other costs are to abide the final disposition of the case.

PONDER, J., recused.