GLADNEY, Judge.
Mrs. John Oliver Simon, plaintiff-appellant herein, brought this suit to be recognized as the surviving widow in community of her late husband who died intestate in Franklin Parish on August S, 1957, and further prays that certain real and personal property rights be held to be assets of the community existing between petitioner and her late husband created by their marriage on May 9, 1930. Joined as defendants herein are the six children of the first marriage of John Oliver Simon and Mrs. Sarah McKaskle Simon, who died in the year 1928; Mrs. Helen E. Scott, M. L. Simon, Mrs. Hazel E. Welch, Mrs. Frankie O. Ferguson, Mrs. Minnie F. Fussell, and Mike O. Simon. An additional named defendant is Mrs. Joy Simon Cockrell, the sole issue of the marriage between petitioner and the deceased. Following due proceedings had, judgment was rendered in accordance with the demands of the petitioner with certain exceptions. These exceptions form the basis of this appeal.
In seeking a review of portions of the judgment, appellant enumerates the following assignment of errors: The court’s refusal: (1) to recognize plaintiff’s claim for one-half of $106.88 on deposit in the First National Bank at Stanton, Texas; (2) to fix the amount on deposit of the checking account of John Oliver Simon in the Franklin State Bank & Trust Company at the date of his death as $4,038.90; (3) to decree that the Head Place was property of the second community; (4) to allow petitioner’s demand for one-half of the bonus and delay rentals payable under an oil, mineral and gas lease on the Plead property; (5) to allow judgment for one-half of the amount of the rent from the Head Place due petitioner for the years 1958 and 1959; (6) to allow plaintiff’s demand for *262 one-half of the enhanced value of the Head Place during the existence of the second community, or the sum of $24,365.30; and (7) to allow reimbursement of the second community of one-half of the $1,000.00 cash and one-half of the $150.00 attorney’s fees paid by the deceased on the occasion of the execution of the deed of date June 14, 1941.
At the outset we recognize that with reference to errors enumerated 1 and 2, there is no dispute forasmuch as it is conceded by defendants that plaintiff is entitled to one-half of the deposit in the First National Bank at Stanton, Texas, and it is also conceded that at the time of the death of John Oliver Simon, the correct amount of his bank account was $4,038.90. The judgment, therefore, should be amended to incorporate these changes. It is also to be observed that errors 4 and 5 are alternative demands, consideration of which is contingent upon the finding by this court that the Head Place is community property of the second marriage.
The claim principally stressed by counsel for appellant is that the court erred in decreeing that certain real estate, above referred to as the Head Place, was not community property of petitioner’s marriage with the deceased. The Head Place consists of 187 acres situated in Franklin Parish, Louisiana, and is described as the West One-half of the West One-half (Wt/z of Wj£) of Section Twenty-One (21), Township Fourteen North (14 N.), Range Nine East (9 E.), lying south and east of Bayou Macon and the Northwest Quarter of the Northwest Quarter (NW}4 of NWJi), Section Twenty-Eight (28), Township Fourteen North (14 N.), Range Nine East (9 E.).
While plaintiff was married to Sarah Mc-Kaskle, he was the named vendee in a deed in warranty form dated September 24, 1924, wherein Charles McVey and Burt R. Head conveyed unto the deceased the above described property, together with a sawmill plant, livestock and other personal property. The recited consideration was $5,634.70, of which sum it was recited in said instrument that $1,750.00 was paid in cash and the balance of said purchase price was the assumption by the vendee of the payment of certain obligations therein named. The deed was a public act, notarial in form, and purported to convey full warranty of title. Very shortly after purchasing the property Simon and his wife moved thereon and made their home there until about 1927. During the year 1928, Sarah McKaskle Simon died, survived by the above named six children. On May 9, 1930, John O. Simon married petitioner and moved back on the Head Place. One child was born of this marriage, Mrs. Joy Cockrell.
It is our appreciation of the evidence that prior to his second marriage approximately sixty acres of the Head Place were cleared for cultivation and one house was constructed thereon, and that during the second marriage an additional sixty or sixty-five acres of land were cleared and two houses and a barn were constructed thereon. At the time of his death not more than fifty to sixty acres of the land were being kept in a tillable state and the improvements consisting of the house and a barn, had been allowed to so deteriorate that they were not of any substantial value.
On November 28, 1931, Charles McVey and Burt R. Head, the named vendors in the deed of September 24, 1924, instituted a suit against John Oliver Simon wherein they sought a judgment decreeing that the act of sale of September 24, 1924 “be canceled and rescinded and annulled for the non-payment of the purchase price of the property therein described * * The complainants sought further relief denominated as rental due for the years 1925-1935, for timber cut and sold from the property, for the value of the sawmill and other personal property sold and removed, and, alternatively, the petitioners sought judgment for the sum of $5,634.70 with interest as the consideration which vendee was obligated to pay for the property described in said act of sale. The petition contained *263 various allegations to the effect that plaintiff never, in fact, paid any consideration for the property so conveyed in accordance with an agreement between the parties, that Simon would reconvey the property to the vendors who were hard pressed by their creditors. Simon resisted the proceedings, denying the allegations of the petition and filing numerous exceptions. After this suit was filed the testimony de bene esse of Burt Head was taken, transcribed, and filed, to be used as evidence in the trial of the case, counsel for both sides reserving their rights prior to trial to object to the admissibility of any of the testimony thereof. The defendant filed a supplemental answer in 1936 and thereafter the case was never brought to trial. On September 13, 1941, the action was dismissed pursuant to an agreement between counsel for all parties and on June 14, 1941, there was executed an instrument wherein Mrs. Alma Head McVey, Burt Head, Arthur Head, Mrs. Maggie Head Parker, Mrs. Franklin Head Myers, and Mrs. Vera Head White, legal representatives of Charles McVey and Burt Head, purported to:
“Grant, bargain, sell, convey, transfer, assign, set over, and deliver with full guarantee against all troubles, debts, mortgages claims, evictions, donations, alienations or other encumbrances, and forever quit-claiming any interest whatsoever in and to the following described property, whatsoever unto J. O. Simon, a married man whose wife is Mrs. Carra Simon her present, accepting and purchasing for himself, his heirs and assigns, and acknowledging delivery and possession of the following described property situated lying and being in the Parish of Franklin, State of Louisiana, to-wit:
“All of their rights, title and interest, if any, and whatsoever, in and to the following lands: W^ of Wfá of Section 21, T. 14 N., R. 9 East, lying South and East of Bayou Macon; NWJ4 of NW14, Section 28, T. 14 N., R. 9 East, and with all buildings and improvements thereon.
“THIS SALE IS MADE FOR AND IN CONSIDERATION OF THE PRICE AND SUM OF One thousand dollars, of which the vendee has paid at and before the signing hereof, $500.-00 cash receipt acknowledged, and for the remaining portion of purchase price he has made his two notes for $250.00 each, being due and payable Nov. 15, 1941 and 1942, made payable to himself and endorsed in blank, and stipulating to bear 8% interest thereon from date, * *
Counsel for appellant contend the only acquisition of said real estate by John Oliver Simon was through the 1941 instrument and that the 1924 deed from Head and McVey was executed in fraud of the creditors of said vendors, and, therefore, a nullity. The evidence rendered in support of this contention is limited to the pleadings and a deposition of Burt Head appearing in the suit filed for the purpose of rescinding the act of sale. We disagree with the contention of appellant. The evidence is, in our opinion, entirely insufficient to nullify the notarial act of sale executed between the parties in 1924 and never otherwise discredited. The evidence fails to show that the deposition of Burt Head received any consideration by the court at the time the suit for rescission was pending and hence, it cannot have any greater weight than any other ex parte deposition. The act of September 24, 1924, therefore, upon the showing had, must be considered valid.
The instrument dated June 14, 1941, clearly discloses its warranty provisions are limited to “ * * * rights, title, and interest, if any, and whatsoever, in and to the following lands * * * ”, and such words clearly denominate the instrument as a quitclaim deed. The Supreme Court in Waterman et al. v. Tidewater Associated Oil Company et al., 213 La. 588, 35 So.2d *264 225 (1948), observed that a quitclaim deed conveys only such title or interest that the grantor had at the time it is given and “ ‘excludes any implication that he has any title or interest.’ 26 C.J.S. Deeds § 118, page 415.” (Now 26 C.J.S., Deeds, § 118, page 947). This court had occasion to make a similar observation in Browder et al. v. Roby et al., La.App., 102 So.2d 275 (2d Cir. 1958). It necessarily follows, in our opinion, that forasmuch as appellant has been unsuccessful in striking down the notarial act of September 24, 1924, and it nonetheless remains a valid instrument upon the records of the court, the vendors in the instrument of June 14, 1941, (which act clearly, in our opinion, is in the nature of a quitclaim deed), had no more title to convey therein than they had received from their predecessors in title, Burt Head and Charles McVey, vendors in the deed of September 24, 1924. For these reasons we find no error in the decision of the judge a quo who held that the Head Place was property of the first marital community of John Oliver Simon.
The foregoing conclusion, therefore, disposes of petitioner’s alternative demands above enumerated Nos. 4 and 5, pertaining to oil, mineral and gas money, and farm rents for the years 1958 and 1959.
Remaining to be resolved is appellant’s alternative demand for one-half of the enhanced value of the Head Place for which the trial judge allowed the sum of $1,400.00. Much of the testimony in support of this demand was unsatisfactory. Claimant rested her case upon attempting to show a difference in values as of the years 1924 and 1960, whereas the proper measure would be the enhanced value of said property during the existence of the second community and as defined by LSA-C.C. art. 2408, which reads:
“When the ■ separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one half of the value of the increase or ameliorations, if it be proved that the increase or ameliorations be the result of the common labor, expenses or industry; but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade.”
The trial judge rightly, we think, concluded that although the value of said property had increased considerably during the period of time it was possessed during the second community, the enhancement in value was largely due “to the ordinary course of things, to the rise in the value of property, or to the chances of trade”, and not as “the result of the common labor, expenses or industry”. We find that the evidence substantially supports the finding that such enhancement of the entire property amounted to $2,800.00. Accordingly, we approve of the trial court’s ruling on this point. See: Succession of Singer, 208 La. 463, 23 So.2d 184 (1945); Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502 (1949); Abunza v. Olivier, 230 La. 445, 88 So.2d 815 (1956); Succession of Rusciana, 232 La. 1073, 96 So.2d 1 (1957); Ruffino v. Hunt, 234 La. 91, 99 So.2d 34 (1958); and Chrisentery v. Chrisentery, 124 So.2d 426 (1st Cir. 1960).
The final contention of petitioner is her claim for reimbursement of one-half of $1,000.00, being the amount of cash consideration paid by John Oliver Simon upon execution of the quitclaim deed of 1941, and for reimbursement of one-half of the $150.-00 paid to the attorneys who handled the suit for rescission of the sale of the land. The trial court failed to adjudicate this issue and we assume that it was rejected because of failure of proof.
The evidence simply shows that the deceased kept a bank account in which he undoubtedly commingled any separate revenues which he may have acquired with the earnings of the community. The funds contained in the account, therefore, must be *265 presumed to be community funds. The $1,000.00 paid as a consideration for the quitclaim deed and the $150.00 paid as attorney’s fees will, therefore, be considered as having been paid by means of community funds. LSA-C.C. art. 2404 permits the husband as head and master of the community to dispose of its revenues without the consent and permission of his wife, and he may dispose of the movable effects by a gratuitous and particular title to the benefit of all persons, subject to an action by the wife against the heirs of her husband in support of her claim to one-half of the property if she can prove that the disposition of the property was fraudulently made for the purpose of causing her injury. The provisions of LSA-C.C. art. 2408 likewise permit the wife to claim the reward of one-half of the value of the increase or amelioration to separate property by means of community funds. In the instant case the disposition of the husband was cash money for the purpose of silencing forever claims being made against his separate property as reflected by the aforementioned quitclaim deed of 1941. The money so spent, therefore, cannot be considered within the purview of Article 2408, which manifestly applies to improvements with respect to real property. We find, therefore, that plaintiff is not entitled to claim reimbursement of the community for one-half of the above stated amounts.
For the foregoing reasons the judgment from which appealed will be amended as follows:
It is ordered that the following described property is an asset of the community existing between Mrs. John Oliver Simon (Mrs. Carrie F. Simon) and the deceased, John Oliver Simon, to-wit: the checking account of J. O. Simon in the First National Bank at Stanton, Texas, in the amount of One Hundred Six and s9ioo ($106.88) Dollars, of which sum plaintiff is recognized as the owner of an undivided one-half interest and the defendants, Mrs. Helen E. Scott, M. L. Simon, Mrs. Hazel E. Welch, Mrs. Frankie O. Ferguson, Mrs. Minnie F. Fussell, Mike O. Simon and Joy Simon Cockrell, are recognized as the owners of one-half in--terest therein, each of said defendants being’ entitled to one-fourteenth (JI4) interest.
It is further ordered that the judgment recognizing a checking account in the name of John Oliver Simon in the Franklin State Bank & Trust Company of Winnsboro, Louisiana, in the amount of Three Thousand Thirty-Eight and 9%oo ($3,038.90) Dollars as part of the community of acquets and gains existing between plaintiff and the defendants be corrected to read Four Thousand Thirty-Eight and 9%oo ($4,038.90) Dollars, which was the amount of the account existing at the time of the death of the deceased. As so corrected, the judgment pertaining to this account is affirmed in all other respects.
It is further ordered, adjudged and decreed : that plaintiff’s claim to an undivided one-half (%) interest in and to the following described property, to-wit:
“W}4 of W1/-Í of Section 21, Township 14 North, Range 9 East, south and east of Bayou Macon; NWJ4 of NW 14, Section 28, Township 14 North, Range 9 East, Franklin Parish, Louisiana, and known as the Head Tract,”
be and it is hereby rejected; that said tract fell into the community existing between J. O. Simon and his first wife, Mrs. Sarah McKaskle Simon, and that defendants, Mrs. Helen E. Scott, M. L. Simon, Mrs. Hazel E. Welch, Mrs. Frankie O. Ferguson, Mrs. Minnie F. Fussell, Mike O. Simon and Joy Simon Cockrell, as the sole heirs at law of J. O. Simon, are hereby recognized as the owners of said property in the proportion of an undivided one-seventh (%) interest in the whole to each of said defendants.
As so amended and corrected, the judgment is affirmed in all other respects. Appellant is cast with costs of the appeal.