HOOD, Judge
(dissenting).
The trial court rejected defendant’s claim that Mrs. Owens’ separate property had been enhanced in value by the use of community funds. I think the trial judge was correct, and that my colleagues have erred in reversing him on that issue.
Defendant alleged that $2,000.00 in community funds had been spent for improvements to plaintiff’s separate property. The majority found that $2,300.00 had been spent for that purpose, which is more than was even claimed by defendant, and they based the award on that figure. I do not feel that the evidence supports any such finding.
The two appraisers who testified as to improvements merely estimated the cost of constructing the various improvements which were pointed out to them as having been made after Mr. and Mrs. Owens were married, and the total of all of those costs of construction amounted to $2,300.00. One item they included was “modernizing kitchen cabinets, tile flooring, and general repair in kitchen.” One appraiser estimated the cost of those repairs at $600.00, and the other fixed the cost at $550.00. The evidence shows that these kitchen repairs were made by plaintiff’s son two or three weeks before plaintiff married Mr. Owens. Plaintiff’s son was a carpenter and he owned a one-eighth interest in the property. Neither the defendant nor the community contributed anything toward the construction of those particular items, and yet the majority includes them as a part of the community’s contribution to plaintiff’s separate property.
The cost of constructing the improvements, however, is not the proper measure of such an award. The procedure to be followed in determining the amount of the “increase” under LSA-C.C. art. 2408, is “by deducting from the actual value of the land as it existed on the date of dissolution of the community the value it would have had at the time had it not been so improved." Succession of Rusciana, 136 So. 2d 509 (La.App. 1 Cir. 1961).
In the instant suit the date of the dissolution of the community was May 5, 1970. No attempt was made by the appraisers to value the property as of that date, or to determine what its value would have been at that time had it not been so improved. I agree with the trial judge, therefore, that defendant has failed to show an “increase” or an enhancement in value of plaintiff’s separate property, as required by LSA-C. C. art. 2408.
Even if my colleagues should be correct in basing an award solely on what was spent for improvements, I feel that Mrs. Owens should have been given an opportunity to show that those amounts were not paid from community funds.
When the majority remanded the case to the district court originally (259 So.2d 454), the trial judge interpreted the remand as being solely for the purpose of allowing a correction deed to be introduced in evidence. Mrs. Owens, through her counsel, endeavored at that time to present evidence to show that community funds had not been used to make at least some of the alleged improvements to her separate property, but she was prohibited from doing so. The trial judge felt, as I do, *587 that Mrs. Owens should have been permitted to introduce this evidence, but he interpreted the majority’s opinion in remanding the case as preventing him from allowing that evidence to be produced.
On this appeal, Mrs. Owens asks that the case be remanded to permit her to have her day in court. My colleagues, without discussing the issue at all, have refused to give her the opportunity of presenting evidence tending to show that at least some of the alleged improvements to her separate property were not made during the existence of the community or that they were not paid for with community funds. I think the majority made a serious error initially in finding that plaintiff’s separate property was enhanced in value with community funds. They have committed an even graver error, however, in refusing to permit Mrs. Owens to present evidence in her own behalf. If my colleagues are convinced from the evidence produced by defendant that plaintiff’s separate property was enhanced in value with community funds to any extent at all, then I think justice demands that the case be remanded to enable Mrs. Owens to present what evidence she may have in her own defense.
I also feel that my colleagues erred in failing to hold that the usufruct which plaintiff’s son, Earl Jones, sold to plaintiff after Mr. and Mrs. Owens were married became a part of the community. I strongly disagree with their decision to again remand the case to allow Mrs. Owens to attempt to prove that the conveyance of the usufruct was a “donation in disguise.”
I do not quarrel with the majority’s decision to accept the correction deed, and to decree that plaintiff’s son conveyed only a usufruct to her. The evidence shows, however, that the usufruct so conveyed belonged to the community which existed between plaintiff and her husband, and I think my colleagues should have held that.
Actually, the majority held that the sale of the usufruct from Earl Jones to his mother was valid. They nevertheless remanded the case to the trial court to allow Mrs. Owens the opportunity of “attempting to prove that the transfer was a donation in disguise.” I very strongly disagree with the decision to remand the case for that purpose for several reasons. One is that neither Mrs. Owens nor anyone else has alleged or even suggested that the sale was a donation. There are no pleadings to that effect. No one has argued such a theory. There is no indication in the record that any evidence exists to show that the sale might have been a donation in disguise. And, plaintiff has had ample opportunity to present the evidence she has relating to that deed.
Even if it should appear in the record that evidence could be produced to reform the deed from Earl Jones to plaintiff, I do not think it is proper to inject a separate action to reform such an instrument into this proceeding. Mrs. Owens’ son, the vendor in the deed, would have to be a party to an action to reform that instrument. He is not a party to the instant suit, so he would have to be impleaded before the action to reform could be tried.
I have serious doubts as to whether Mrs. Owens can maintain such an action under the circumstances presented here. The original deed from Earl Jones to plaintiff, and the correction deed executed later, recite that the property therein described was sold for a price. The correction deed was signed by Mrs. Owens and by her husband, as well as by the vendor. There can be no question from the language used in the document, and from the position taken by Mrs. Owens in this suit, that the transaction was a sale. I think Mrs. Owens is es-topped from asserting now, in order to serve her own purposes, and to defeat the claim of her husband, that the transaction actually was not a sale at all, that it was a simulation. — a donation in disguise. Mrs. Owens, of course, has not made such an inconsistent claim up to this time, but the majority has remanded the case for the specific purpose of affording her the op *588 portunity of doing so. I cannot agree to a remand for such a purpose.
In addition to the views expressed here, I again emphasize the objection which I expressed to the original opinion which was rendered by the majority.
For these reasons, I respectfully dissent.